IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTIRCT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Larry Ollins and Omar Saunders,** ) | |
| ) | NO.   03 C 5795 |
| **Plaintiffs,** ) | |
| ) | **Judge Ronald A. Guzman** |
| v. ) | |
| ) | |
| **Patrick O'Brien, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

DEFENDANT SUSAN SUSSMAN'S MOTION TO COMPEL
ANSWERS TO HER FIRST SET OF INTERROGATORIES
AND RESPONSES TO FIRST DOCUMENT REQUEST
TO PLAINTIFFS LARRY OLLINS AND OMAR SAUNDERS

Defendant Susan Sussman ("ASA Sussman"), by her attorneys, Richard A. Devine, State's Attorney of Cook County, and Patrick T. Driscoll, Louis R. Hegeman, Paul A. Castiglione, and Christina C. Frenzel, Assistant State's Attorneys, brings this Motion to Compel Answers to her First Set of Interrogatories and Responses to First Document Request to Plaintiffs Larry Ollins ("Ollins") and Omar Saunders ("Saunders")(together "Plaintiffs") in this matter pursuant to FRCP Rules 26, 33, 34 and 37(a), and in support thereof states:

I.   **INTRODUCTION**

Plaintiffs have filed a multiple count complaint against Chicago Police Officers, the City of Chicago and former ASA Sussman alleging numerous violations of their constitutional rights as well as various state tort claims. ASA Sussman filed her answer to this complaint on June 28, 2005. In their complaints, Plaintiffs have made very serious misconduct allegations against ASA Sussman. However, these complaints were very short on specific conduct by ASA Sussman. In her interrogatories, ASA Sussman has attempted to flush out the factual bases behind these

1

allegations, such as the allegations that ASA Sussman coerced and attempted to coerce confessions from Marcelia Bradford, Calvin Ollins, Larry Ollins and Omar Saunders. Plaintiffs' responses to her interrogatories and document request fail to identify any actions of ASA Sussman or any supporting documents. Further, as explained more fully below, Plaintiffs refuse to answer most of the interrogatories on the basis of attorney client privilege and work product doctrine. Accordingly, ASA Sussman requests that this Court compel Plaintiffs' to provide a factual basis for their allegations, or, in the alternative, dismiss their claims against her.

II.     BACKGROUND

On October 12, 2005, ASA Sussman propounded a First Set of Interrogatories and a First Set of Document Requests on Plaintiffs' counsel, Mr. Scott Kamin. Plaintiffs' responses were due on November 14, 2005. Fact discovery in this case closes on February 28, 2006. On January 5, 2006, this Court denied the City Defendants' request for an extension of discovery. Plaintiffs' new counsel, Mr. Bradley Yusim at Jenner and Block, responded to a request for answers to ASA Sussman's interrogatories and document request. Mr. Yusim indicated that they would respond to ASA Sussman's interrogatories[1] and document request[2] on or before January 20, 2006. These responses were faxed to the State's Attorney's Office at 4:50 p.m. on Friday, January 20, 2006.

After reviewing these responses, the State's Attorney's Office sent a letter to Mr. Yusim on January 26, 2006 indicating that their answers were evasive, non-responsive and incomplete.[3] Mr. Yusim responded in a letter dated January 31, 2006.[4] In that letter, Mr. Yusim reiterated

---

[1] Plaintiff Ollins' Answer to ASA Sussman's First Set of Interrogatories is attached as Exhibit A. Plaintiff Saunders Answers to ASA Sussman's First Set of Interrogatories is attached as Exhibit B.
[2] Plaintiff Ollins' Responses to ASA Sussman's First Document Request is attached as Exhibit C. Plaintiff Saunders Responses to ASA Sussman's First Document Request is attached as Exhibit D.
[3] SAO's letter of January 26, 2006 is attached as Exhibit E.
[4] Plaintiffs' counsel's letter of January 31, 2006 is attached as Exhibit F.

2

Plaintiffs' objections and again failed to provide the requested factual bases for the allegations against ASA Sussman. In a letter dated February 3, 2006, the State's Attorney's Office sent another letter to Mr. Yusim again responding to their objections and requested a response by 5:00 p.m. on Monday, February 6, 2006.[5] As of Friday, February 10, 2006, Mr. Yusim has not responded. The State's Attorney's Office has made a good faith effort to resolve this dispute with Plaintiffs' counsel, as required under Local Rule 37.2, however, this has not been successful. Accordingly, the State's Attorney's Office, on behalf of ASA Sussman, respectfully requests that this Court compel Plaintiffs to properly and completely respond to ASA Sussman's First Set of Interrogatories and First Request for Production of Documents or, in the alternative, dismiss the complaint against ASA Sussman.

### III. INTERROGATORIES

"The use of interrogatories is governed by Rule 33 of the Federal Rules of Civil Procedure, 'which is intended to enable a party to prepare for trial, to narrow the issues and thus help determine what evidence will be needed at the trial, and to reduce the possibility of surprise at trial." *Portis v. City of Chicago*, 2005 U.S. Dist. LEXIS 7972 *9 (N.D.Ill.)(Nolan, M.J.) *quoting* WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE & PROCEDURE: CIVIL 2ND §2162. Further, "the primary purpose for interrogatories is to "help determine the existence, identity, and location of witnesses, documents and other tangible evidence as a prerequisite to planning further discovery." *Id. quoting* MANUAL FOR COMPLEX LITIGATION, FOURTH §11.461 (1994). Plaintiffs have a duty to respond to the interrogatories fully and completely, supplying all information within their knowledge, possession, or control, including information available through their attorneys, investigators, agents, or representatives, and any information obtainable by them

---

[5] SAO's letter of February 3, 2006 is attached as Exhibit G.

through reasonable inquiry. *Smith v. Howe Military School*, 1998 U.S. Dist. LEXIS 5061 *4 (N.D.Ind. 1998)(Pierce, M.J.).

In this case, Plaintiffs have made serious allegations against ASA Sussman. The complaint does not offer any factual support to these allegations. ASA Sussman properly propounded interrogatories on Plaintiffs in order to discover the factual bases for these allegations. However, Plaintiffs have, in effect, refused to provide ASA Sussman with these facts by offering evasive, incomplete and non-responsive answers to her interrogatories. In the present case, the ASA Sussman is the only Cook County defendant remaining in the litigation. Consequently, ASA Sussman's First Set of Interrogatories are narrowly tailored to focus on the specific allegations against her and to obtain information on damages, background and witnesses. Plaintiffs have provided little, if any, information responsive to these interrogatories as required under the Federal Rules of Civil Procedure.

### INTERROGATORY 1[6]

In this interrogatory, ASA Sussman asks Plaintiffs to identify all persons who provided answers for the interrogatories. Plaintiffs object to this interrogatory as "overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence." Plaintiffs further raise the attorney client privilege and work product doctrine as objections. Without waiving these objections, Plaintiffs name themselves "as persons who provided information."

Plaintiffs' initial objections are improper general objections under the Federal Rules. Rule 33(b)(4) states that "all grounds for an objection shall be stated with specificity." FRCP Rule 33(b)(4). Merely listing these objections without a legal basis is improper and insufficient.

---

[6] Headings refer to the Interrogatory number from ASA Sussman's First Set of Interrogatories to Plaintiff Larry Ollins. Where the Interrogatory number differs from those propounded upon Plaintiff Omar Saunders, it will be so noted. Otherwise, the numbers correspond to both sets of Interrogatories.

Furthermore, if there are other persons who provided information for the answers to these interrogatories, besides Plaintiffs, ASA Sussman is entitled to learn their identities. This request is not broad, burdensome or irrelevant. Rather, this information should be within Plaintiffs' personal knowledge and it could identify possible witnesses or sources of information. As such, it is exactly the type of request that could lead to the discovery of admissible and relevant evidence. Accordingly, ASA Sussman requests that this Court compel Plaintiffs to provide the identities of all persons who provided information for the answers to these interrogatories.

### INTERROGATORIES 2 AND 3

These two interrogatories request that Plaintiffs provide the names, addresses and telephone numbers of any witnesses who will testify at trial or who have an opinion as to any element of Plaintiffs' causes of action. Plaintiffs object to these interrogatories as "premature." Without waiving this objection, Plaintiffs then refer ASA Sussman to any person named in their Rule 26(a)(1) disclosures and any person named in a variety of reports, statements, news articles, notes, including those persons identified in their criminal trials and "anyone else identified in accordance with all applicable rules and statutes." Besides this litany of unnamed persons, Plaintiffs have failed to properly answer these interrogatories in the manner required by the Federal Rules.

ASA Sussman "is entitled to as much information as [the Plaintiffs have] regarding the identity of expected witnesses and generally what their testimony will be, so that [ASA Sussman] can make a decision as to whether to interview or depose them." *Episcopo v. General Motors Corp.*, 2003 U.S. Dist. LEXIS 11248 *3-4 (N.D.Ill.)(Keys, M.J.). While ASA Sussman does not expect a complete list of expected trial witnesses at this stage in the litigation, she is certainly justified in seeking the names of witnesses that Plaintiffs have so far. Furthermore, this

litigation has been going on for nearly four years and discovery closes in less than three weeks. Certainly, Plaintiffs have some idea of possible witnesses. Accordingly, ASA Sussman respectfully requests that this Court compel Plaintiffs to properly answer Interrogatories 2 and 3.

**INTERROGATORIES 4 AND 5**

Interrogatories 4 and 5 request that Plaintiffs provide information about damages and injuries suffered by Plaintiffs as a result of the events alleged in the complaint and as a result of the alleged actions of ASA Sussman. Plaintiffs object to the terms "health care provider," "injuries," "economic expenses," "damages," losses," "pecuniary loss," and "special damages" as "vague and ambiguous." This objection calls for the unnecessary clarification of common terms. These terms are readily understandable on their face and should be given their common meaning. *See Portis v. City of Chicago*, 2005 U.S. Dist. LEXIS 7972 *15 (N.D.Ill.)(Nolan, M.J.)(finding that terms "backlog," "personnel shortage," "personnel deployment," "large number of arrestees" and "large groups" were not vague terms and are readily understandable). Accordingly, ASA Sussman requests that Plaintiffs be compelled to provide the information regarding injuries and damages responsive to these interrogatories.

Plaintiffs also assert the physician-patient privilege in their objections to Interrogatory 4. This is an improper basis for an objection in this case. First, physician-patient privilege is not available to Plaintiffs in this case. "While Illinois does recognize the privilege, 'federal common law does not recognize a physician-patient privilege.'" *Biedrzycki v. Town of Cicero*, 2005 U.S. Dist. LEXIS *17-18 (N.D.Ill.)(Valdez, M.J.) *quoting Patterson v. Caterpillar, Inc.* 70 F.3d 503, 506-07 (7th Cir. 1995)(citations omitted). Furthermore, in a case such as this, where Plaintiffs have asserted both federal and state claims, the "Seventh Circuit follows the usual solution by the courts in cases where federal and state privilege law collide – "a preference for federal privilege

6

law when it conflicts with state privilege law." *Id.* quoting 3 JACK B. WEINSTEIN & MARGARET A. BERGER, *WEINSTEIN'S FEDERAL EVIDENCE* §501.02(2)(c) at 501-14 (2d ed. 2005 & Supp. Feb. 2005). Where, as here, the contested evidence is applicable to both the federal and state claims, there is no physician-patient privilege for the requested information. Second, even if a physician-patient privilege were available to Plaintiffs, it has been waived. Here, Plaintiffs specifically allege physical and emotional injuries in there complaint and, therefore, have put their medical and psychological treatment "at issue" in this case.

Moreover, information related to damages and injuries is directly relevant to Plaintiffs' claims against ASA Sussman. These requests are also neither overly broad or unduly burdensome. Plaintiffs have made allegations of injuries and damages in this lawsuit. These interrogatories seek information as to the injuries or damages that resulted from ASA Sussman's actions, as alleged in Plaintiffs' complaint. In addition, Plaintiffs have answered with the same general allegations contained in the complaint—that they have suffered "emotional, physical and mental harm." While Plaintiffs are entitled to offer expert testimony at trial as to this issue, trial cannot be the first instance that ASA Sussman learns what Plaintiffs' alleged injuries are. ASA Sussman is entitled to learn any specific injuries or damages that Plaintiffs attribute to her. Accordingly, ASA Sussman requests that this Court compel Plaintiffs to fully and properly answer Interrogatories 4 and 5 in compliance with the Federal Rules.

### INTERROGATORY 6

Plaintiffs object to this interrogatory as "argumentative and not reasonably calculated to lead to the discovery of admissible evidence." It is difficult to understand how this interrogatory could be considered argumentative when it is a direct quote from Plaintiffs' complaint. (Second Amended Complaint, ¶65). In *Zadrozny v. Board of TrusteesDist. No. 508*, the court found an

interrogatory argumentative where the interrogating party directed personal allegations to opposing counsel while seeking information related to the case. 1991 U.S. Dist. LEXIS 5488 *2 (N.D.Ill.). Here, there is nothing that supports Plaintiffs' objection that this interrogatory is argumentative.

Interrogatory 6 refers to paragraph 65 of Plaintiffs' Second Amended Complaint, where Plaintiffs make an allegation about prosecutors and complicity with detectives in withholding exculpatory evidence. In their letter of January 31, 2006, Plaintiffs' counsel expands on the answer by stating that it is their contention that "members of the State's Attorney's Office violated Plaintiffs' constitutional rights by failing to acquire and/or disclose all of the exculpatory evidence that existed at the time of their trials. Had the 'right' prosecutor been assigned – i.e., one who complied with the mandates of the United States Constitution – such violations likely would not have occurred." (Exhibit B, p.1). Again, to the extent that Plaintiffs are attributing misconduct and constitutional violations to ASA Sussman, she is entitled to discover what actions of hers form the basis for these allegations. Accordingly, ASA Sussman requests that this Court compel Plaintiffs to fully and properly answer this interrogatory in compliance with the Federal Rules.

### OLLINS INTERROGATORIES 1, 4, 6-17; SAUNDERS INTERROGATORIES 1, 4, 6-16

In each of their answers to these interrogatories, Plaintiffs object "to the extent that it seeks information protected by the attorney-client privilege and the work product doctrine." "Such nonspecific objections are inappropriate. If any privilege exists, it should be clearly articulated and the reason for its invocation given in such a manner that the Court can properly assess its applicability." *Thomas & Betts Corp. v. Panduit Corp.*, 1996 U.S. Dist. LEXIS 4494 *4-5 (N.D.Ill.)(Keys, M.J.). Furthermore, each of these interrogatories were taken from

Plaintiffs' complaint. It is disingenuous to make allegations in a complaint and then refuse to provide the requested factual basis for those allegations by making general claims of attorney-client privilege and work product doctrine.

Importantly, "the fact that communications are with one's attorney does not alone invoke the Illinois attorney client privilege." *In re Brand Name Prescription Drugs Antitrust Litigations*, 1995 U.S. Dist. LEXIS 12907 *7 (N.D.Ill.) The attorney client privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Id.* Similarly, any material that is merely factual is not protected by the work product doctrine, and must be produced through interrogatories and/or depositions. *See E.E.O.C. v. Int'l Profit Assoc.*, 206 F.R.D. 215, 220 (N.D.Ill. 2002). Therefore, to the extent that Plaintiffs can answer these interrogatories by providing *facts* and not confidential communications or attorney opinions, ASA Sussman requests that this Court compel the Plaintiffs to do so.

**OLLINS INTERROGATORIES 1, 4, 5, 18, 20; SAUNDERS INTERROGATORIES 1, 4, 5, 17, 19**

Plaintiffs claim that each of these interrogatories is "overly broad" and/or "unduly burdensome." However, each of these interrogatories addresses specific allegations of misconduct by ASA Sussman and Plaintiffs' claimed injuries and damages. In addition, Plaintiffs fail to specify how, exactly, these interrogatories are "overly broad." It is not "overly broad" where ASA Sussman requests Plaintiffs to provide any and all facts and information in their possession that supports these serious allegations. Plaintiffs have alleged wrongful conduct against ASA Sussman and initiated this litigation. They cannot now complain that it is "overly burdensome" to provide the facts to support their allegations.

Also, in his letter of January 31, 2006, Mr. Yusim extends these objections to include Ollins Interrogatories 10, 11, 13, 14 and 17, as well as Saunders Interrogatories 6, 7, 9, 11, 13, 14, 15 and 16. There, the objection is that in order to provide a "factual basis" for their allegations, "Plaintiffs' only feasible option is to identify categories of documents or categories of injuries." This objection is especially interesting in light of the subpoenas and interrogatories that Plaintiffs have propounded on the State's Attorney's Office and ASA Sussman in the last few weeks requesting voluminous documents of questionable relevance. It is Plaintiffs' position that their injuries will be quantified by expert testimony and "disclosed at the appropriate time." Certainly, Plaintiffs' had an idea of their injuries before they filed this lawsuit and alleged injuries and that information can be disclosed at this time.

Moreover, since Plaintiffs did not respond to ASA Sussman's interrogatories in a timely manner, and fact discovery is set to close on February 28, 2006, ASA Sussman is precluded from amending these interrogatories had she been inclined to do so. Therefore, ASA Sussman requests that this Court compel Plaintiffs to fully and properly answer these interrogatories.

**OLLINS INTERROGATORIES 5, 6, 10, 11, 13, 14, 17**
**SAUNDERS INTERROGATORIES 5, 6, 10, 12, 13, 16**

In their answers to these interrogatories, Plaintiffs merely restate the allegations in the complaint, namely that ASA Sussman "caused Plaintiff to suffer emotional, physical and mental harm as a result of Defendant's role in the attempted coercion of Plaintiff, Defendant's failure to disclose exculpatory evidence, Defendant's fabrication of false evidence, and Plaintiff's false incarceration." Plaintiffs also respond that ASA Sussman "knew the confessions of Marcellia Bradford and Calvin Ollins were false, concealed that fact and other exonerating evidence from other members of the Cook County State's Attorney's Office, and fabricated false evidence to aid in the wrongful conviction of Plaintiff."

Plaintiffs' responses have left these important questions unanswered. How did ASA Sussman know these confessions were false? How did she conceal it? Who are the other members of the State's Attorney's Office from whom she concealed evidence? What specific harm did ASA Sussman cause? What was ASA Sussman's role in the alleged attempted coercion? What evidence did ASA fabricate? At this late stage in the litigation, surely Plaintiffs have acquired some sort of evidence to support these allegations. Moreover, Plaintiffs must have conducted some investigation prior to filing these claims in order to have some factual bases to support these allegations. *See Rusty Jones, Inc. v. Beatrice Co.*, 1990 U.S. Dist. LEXIS 12116 *4 (N.D.Ill.). ASA Sussman is entitled to those facts, not simply a regurgitation of the allegations against her over and over again. Therefore, ASA Sussman requests that this Court compel Plaintiffs to fully and properly answer these interrogatories.

> **OLLINS INTERROGATORIES 6, 7, 9, 11, 12, 14, 15, 16**
> **SAUNDERS INTERROGATORIES 6, 7, 9, 11, 13, 14, 15**

In their answers to these interrogatories, Plaintiffs direct ASA Sussman to "the following documents relating to the rape and murder of Lori Roscetti: police reports, notes taken by detectives and police officers, statements given by witnesses and suspects, testimony given in connections with the trials of Larry Ollins, Omar Sounders, Marcellia Bradford, and Calvin Ollins, expert reports prepared in connection with those trial, and documents relating to the exoneration of those individuals." These responses are inadequate under FRCP Rule 33(d).

While a party responding to interrogatories may "specify the records from which the answer may be derived or ascertained," it is improper to do a "document dump" or provide vague references to a variety of documents. FRCP Rule 33(d); *see also S.E.C. v. Elfindipan*, 206 F.R.D. 574, 576 (M.D.N.C. 2002). The responding party must make a specification that is "in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party

served, the records from which the answer may be ascertained." FRCP Rule 33(d). Mere references to numerous documents from which ASA Sussman *may* discern the answers are not proper responses to interrogatories." *Episcopo v. General Motors Corp.*, 2003 U.S. Dist. LEXIS 11248 *3 (N.D.Ill.)(Keys, M.J.).

Presumably, Plaintiffs believe that they have satisfied the specificity requirements of Rule 33(d) by referring to "police reports," "statements" and the like. However, this is a charade. Nearly all of the documents produced in this case fall into one of these categories. This lawsuit is based upon a police investigation and a criminal prosecution. These generalities do not satisfy the requirements of FRCP Rule 33(d). Further evidence of this charade is the fact that Plaintiffs make the exact same references to the exact same documents in their answers to each of these nine interrogatories. "Any party that seeks to pursue that Rule 33(d) option has the duty to specify "by category and location, the records from which the answers to the interrogatories can be derived." *Dunkin Donuts, Inc. v. N.A.S.T., Inc.*, 2005 U.S. Dist. LEXIS 37473 *18 (N.D.Ill.)(Shadur, J.)(citations omitted). Plaintiffs' vague and generalized reference to nearly every type of document relevant to this litigation falls short of that duty. Accordingly, if this Court should find that reference to these documents is proper under the FRCP 33(d)[7], ASA Sussman requests that this Court compel Plaintiffs to comply with the mandates of that rule and specify the category and location of those documents that are responsive to the interrogatories.

### INTERROGATORIES 5, 6, 9, 10, 11, 12, 13, 14, 15, AND 16

In each of their answers to these interrogatories, Plaintiffs state that: "Plaintiff will offer expert testimony at trial on the attempted coercion Plaintiffs [sic], and on the coerced confessions of Marcellia Bradford and Calvin Ollins." Certainly, if Plaintiffs are alleging that ASA Sussman attempted to coerce them, then they should be in possession of some facts or at

---

[7] Federal Rule 33(d) refers to "business records."

12

least have some personal knowledge as to what exactly ASA Sussman did in attempting to coerce them. Presumably, the "expert" was not there for this attempted coercion. Likewise, Plaintiffs should have information, either through personal knowledge or from Marcellia Bradford and Calvin Ollins, on what exactly ASA Sussman did to coerce their confessions. Marcellia Bradford and Calvin Ollins are not strangers to Plaintiffs. While it is certainly within Plaintiffs' rights to offer expert testimony on these subjects, it is incredible that Plaintiffs have not provided any factual support for these serious allegations in their responses to these interrogatories. Accordingly, ASA Sussman requests that this Court compel Plaintiffs to provide a factual basis for their allegations that ASA Sussman attempted to coerce them and coerced Marcellia Bradford and Calvin Ollins into confessing.

**OLLINS INTERROGATORIES 6, 7, 8, 9, 11, 12, 14, 15, 16, 18, 19, 20**
**SAUNDERS INTERROGATORIES 6, 7, 8, 9, 11, 13, 14, 15, 17, 18, 19**

Plaintiffs object to each of these interrogatories because they seek "information which is already known to, or in the possession, custody or control or, Defendant, or which is equally available to Defendant." This conclusory statement does not discharge Plaintiffs from their duties to respond to ASA Sussman's interrogatories. *See Schaap v. Executive Industries, Inc.*, 130 F.R.D. 384, 388 (N.D.Ill. 1990). Plaintiffs have made the allegations in this case. It is not the duty of ASA Sussman to search through all of the information and documents that she may or may not have in her possession for the facts to support Plaintiffs' allegations.

Moreover, to the extent that this response is under FRCP 33(d) and refers ASA Sussman to documents, Plaintiffs have also failed to satisfy their duties under this rule. *See In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 325 (N.D.Ill. 2005). "Invocation of the Rule requires first that the information actually be obtainable from the documents. In addition, the burden on deriving or ascertaining the answer must be substantially equivalent and there must be a

13

sufficiently detailed specification of the records to permit the interrogating party to find the document as readily as the party served. These are not optional requirements." *Id.* at 325-26. Likewise, courts have rejected sweeping references to large amounts of documents and unsupported statements that opposing parties could locate the documents with an equal degree of effort. *See Dunkin Donuts, Inc. v. N.A.S.T., Inc.*, 2005 U.S. Dist. LEXIS 37473 *18 (N.D.Ill.)(Shadur, J.)(citations omitted); *Episcopo v. General Motors Corp.*, 2003 U.S. Dist. LEXIS *3 (N.D.Ill.); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 325 (N.D.Ill. 2005). Therefore, ASA Sussman requests that this Court compel Plaintiffs to properly and fully answer these interrogatories and state with specificity the referred to documents or information and how they are equally available to ASA Sussman.

**OLLINS INTERROGATORY 12; SAUNDERS INTERROGATORY 11**

These interrogatories refer to paragraph 270 of Plaintiffs' Second Amended Complaint, where Plaintiffs have alleged that ASA Sussman departed from her role as a prosecutor and the corresponding ethical obligations. This is a very serious allegation to make against an attorney. ASA Sussman, in these interrogatories, asked Plaintiffs' to provide a factual basis for this allegation. However, Plaintiffs' have failed to properly respond and identify the ethical violations they claim ASA Sussman committed in this case. Accordingly, ASA Sussman requests that this Court compel Plaintiffs' to provide the requested factual basis, or, in the alternative, strike this allegation.

**IV.    DOCUMENT REQUEST**

Plaintiffs have recited the same objections to ASA Sussman's First Request for Document Production, namely, that they are overly broad, not reasonably calculated to lead to the discovery of admissible evidence, attorney client privilege, work product doctrine, and that

14

the information is already known to, or in the possession, custody or control, of Defendant, or which is equally available to Defendant. As such, ASA Sussman incorporates her arguments from above and request that this Court compel Plaintiffs to properly respond to the request for documents.

WHEREFORE, for the foregoing reasons, ASA Sussman respectfully requests that this Court compel Plaintiffs to answer her First Set of Interrogatories and First Request for Document Production or, in the alternative, dismiss Plaintiffs' Second Amended Complaint against ASA Sussman and enter such and further relief as the Court deems necessary.

    Respectfully submitted,

    RICHARD A. DEVINE
    State's Attorney of Cook County

    By: /s/ Christina C. Frenzel
        One of the Attorneys for Susan Sussman

Patrick T. Driscoll, Jr.
Deputy State's Attorney
Chief, Civil Actions Bureau

Louis R. Hegeman
Supervisor, Special Projects & Assignments
Paul A. Castiglione
Christina C. Frenzel
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
312-603-3473