IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY OLLINS and OMAR SAUNDERS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | 03 C 5795 (related case) |
| PATRICK O'BRIEN, SUSAN L. SUSSMAN, THE OFFICE OF THE COOK COUNTY STATE'S ATTORNEY, COOK COUNTY, THOMAS LAHM, JOHN McHUGH, JAMES MERCURIO, DAVID NOWAK, JAMES MAURER, HARRY DROCHNER, PAMELA FISH, and THE CITY OF CHICAGO, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| MARCELIA BRADFORD, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | 03 C 7175 (related case) |
| PATRICK O'BRIEN, SUSAN L. SUSSMAN, THE OFFICE OF THE COOK COUNTY STATE'S ATTORNEY, COOK COUNTY, THOMAS LAHM, JOHN McHUGH, JAMES MERCURIO, DAVID NOWAK, JAMES MAURER, HARRY DROCHNER, PAMELA FISH, and THE CITY OF CHICAGO, | ) ) ) ) ) ) ) ) ) ) ) | Judge Ronald A. Guzmán |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In these related cases, Marcelia Bradford, Larry Ollins and Omar Saunders have sued

defendants pursuant to 42 U.S.C. § 1983 ("section 1983") for depriving them of their

constitutional rights, as well as for malicious prosecution, intentional infliction of emotional distress and indemnification under state law. Before the Court are Ollins and Saunders' motion for leave to file a Third Amended Complaint and Bradford's motion for leave to file a Second Amended Complaint. For the reasons set forth below, the Court denies the motions.

## FACTS

The Court presumes knowledge of the facts of this case as provided in a previously issued Memorandum Opinion and Order. *See Ollins v. O'Brien*, Nos. 03 C 5795 & 03 C 7175, 2005 WL 730987, at *1-4 (N.D. Ill. Mar. 28, 2005).

## DISCUSSION

If plaintiffs seek to amend the complaint after the filing of a responsive pleading, they must either have the adverse party's written consent or move for leave to file the amended complaint. FED. R. CIV. P. 15(a). Leave "shall be given freely when justice so requires." *Id.* However, a court may deny leave because of "'undue delay, bad faith[,] or dilatory motive[,] . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Park v. City of Chi.*, 297 F.3d 606, 612 (7th Cir. 2002) (quoting *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993)). "Delay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, 'the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing.'" *Id.* at 613 (quoting *Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 927 (7th Cir. 1999)).

As an initial matter, the Court finds that there has been undue delay in plaintiffs' amending their complaints. More than two years after the filing of the instant related lawsuits,

plaintiffs sought leave to amend their complaints at the close of discovery. Plaintiffs concede that the amendments are not based on any new facts unearthed during discovery, stating "Plaintiffs acknowledge that nothing prevented them from filing this motion at an earlier time," (Ollins and Saunders' Reply Br. 5), and "Plaintiff's proposed Second Amended Complaint alleges no new facts," (Bradford's Mot. Leave File Second Am. Compl. 1). Because plaintiffs provide no excuse for waiting over two years to amend their complaints based on facts of which they knew since the inception of this litigation, the Court finds that there has been undue delay.

Although Ollins and Saunders argue that defendants will not be prejudiced by the amendment, the Court disagrees. Their amendment of the complaint includes for the first time a request for punitive damages as to each claim against defendants sued in their individual capacity[1] as well as new state-law claims against several defendants. Adding punitive damages and new state-law claims at this late stage in the litigation creates undue prejudice because defendants were prevented from creating a litigation strategy as to Ollins and Saunders' new claims during fact discovery. *See Trident Inv. Mgmt., Inc. v. Amoco Oil Co.*, 194 F.3d 772, 780-81 (7th Cir. 1999); *Orix Credit Alliance v. Taylor Machine Works, Inc.*, 125 F.3d 468, 480 (7th Cir. 1997). Contrary to Ollins and Saunders' assertions otherwise, adding these new claims

---

[1] (*Compare* Ollins/Saunders' Second Am. Compl. ¶¶ 248, 251, 254, 257, 263, 268, 271, 282, 285, 290, *with* Ollins/Saunders' Third Am. Compl. ¶¶ 92, 95, 104, 107, 110, 113, 116, 119.) In addition to the reasons provided by the Court for denying leave to amend to add punitive damages, the Court would also deny leave to add a request in paragraph 113(b) of Ollins/Saunders' Third Amended Complaint and in paragraph 94(b) of Bradford's Second Amended Complaint for punitive damages against the City and Cook County for alleged section 1983 violations based on futility. *See Newport v. Facts Concerts, Inc.*, 453 U.S. 247, 271 (1981) (stating that a municipality is immune from punitive damages in a section 1983 action). Likewise, plaintiffs' requests for punitive damages against the City or Cook County as to their state-law claims of malicious prosecution and intentional infliction of emotional distress are futile. 745 ILL. COMP. STAT. 10/2-102 (2002) (stating a "local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it . . . ."); (Ollins/Saunders' Third Am. Compl. ¶¶ 116(b), 119(b); Bradford's Second Am. Compl. ¶¶ 97(b), 100(b).)

3

against defendants would likely require at least some additional fact discovery in this case, which is now closed and, as stated by the Court in its Order of January 5, 2006, shall not be extended.

Further, the Ollins, Saunders, and Bradford's re-packaging of their section 1983 claims is unnecessary. The Ollins and Saunders' Second Amended Complaint and Bradford's Amended Complaint were sufficient under Rule 8(a) standards to put each defendant on notice of all of the section 1983 claims asserted in the proposed amendments to plaintiffs' complaints, which are now subject to the limitations discussed below.

In addition, Ollins, Saunders, and Bradford seek to amend their complaints by omitting facts, such as the fact that Ollins had "beaten and sodomized another youth and spent time in juvenile detention" (Ollins and Saunders' Second Am. Compl. ¶ 49), that Saunders had a juvenile sex charge and several minor theft charges (*id.* ¶ 158), that Bradford was arrested for possession of stolen goods (Bradford's Am. Compl. ¶ 63). Removing these facts and others at this late stage unduly prejudices defendants because they relied on these admissions during the discovery process and are now foreclosed from pursuing discovery as to those facts. The Court therefore denies Ollins and Saunders' motion for leave to file a Third Amended Complaint and Bradford's motion for leave to file a Second Amended Complaint.

Defendants' response to the motions for leave to amend the complaints raises additional issues regarding plaintiffs' claims that had been pleaded in the previous complaints as well as the proposed amendments. The Court addresses each in turn.

First, defendants correctly argue that to the extent that plaintiffs based their claims solely on the due process clause of the Fifth Amendment, such claims must be stricken. The due process clause of the Fifth Amendment applies to federal, not state, actors, *see Monitor v. City of Chi.*, 653 F. Supp. 1294, 1299 (N.D. Ill. 1987). Plaintiffs have not alleged that the federal

government violated their rights to due process.

Second, defendants urge the Court to dismiss plaintiffs' false arrest and excessive force claims based on the Fourth Amendment as time-barred. Plaintiffs opine that this Court addressed the issue in its Memorandum Opinion and Order of March 28, 2005 when it denied defendants' motion to dismiss such claims as untimely and relied on *Gauger v. Hendle*, 349 F.3d 354, 361-62 (7th Cir. 2003). Subsequently, however, in *Wallace v. City of Chicago*, 440 F.3d 421, 427 (7th Cir. 2006), the Seventh Circuit held that section 1983 claims for false arrest based on the Fourth Amendment accrue on the day of the arrest and overruled *Gauger* to the extent that *Gauger* "eschew[ed] a clear rule for false arrest claims in favor of an evaluation of the evidence." *Id.*

Reading Ollins and Saunders' Second Amended Complaint and Bradford's Amended Complaint in light of *Wallace*, the Court holds that plaintiffs' false arrest and excessive force claims based on the Fourth Amendment and any conspiracy allegations based thereon are time-barred unless equitable tolling saves the claims. *See Wallace*, 440 F.3d at 427 (reserving judgment as to whether equitable tolling is available); *see also id.* at 432 (Posner, J., dissenting from denial of reh'g en banc) (intimating that tough cases "will be fought out as equitable tolling cases rather than accrual cases"). Under Illinois' equitable-tolling rules, which govern plaintiffs' section 1983 claims, *see, e.g., Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001), the limitations period is tolled during the period of time in which the defendant fraudulently conceals the cause of action from the plaintiff, 735 ILL. COMP. STAT. 5/13-215. In addition, "[e]quitable tolling of a statute of limitations may be appropriate in circumstances where: a defendant has actively misled the plaintiff; the plaintiff has, in some extraordinary way, been prevented from asserting her rights in a timely manner; or the plaintiff asserted her rights mistakenly in the wrong forum." *Weatherly v. Ill. Human Rights Comm'n*, 788 N.E.2d 1175,

5

1180 (Ill. App. Ct. 2003).

Because the Court can conceive of a set of facts upon which equitable tolling could apply to plaintiffs' false arrest claims, *Wallace* does not dictate the dismissal of such claims at this time. Plaintiffs allege that defendants fraudulently concealed, among other things, that witnesses' statements implicating L. Ollins, Saunders, and Bradford were wholly fabricated by defendants. Plaintiffs are free to address the equitable tolling doctrine and submit evidence to support its application in their summary judgment submissions.

However, equitable tolling does not save plaintiffs' claims for excessive force, "attempted" coerced confession as to Ollins and Saunders (which in essence is the same claim as excessive force where a confession is not obtained), and coerced confession as to Bradford. It would be impossible for defendants to fraudulently conceal any facts upon which such claims are based because each plaintiff was physically present when defendants purportedly used excessive force and attempted or actually coerced a confession out of him. Thus, plaintiffs' excessive force, "attempted" coerced confession, and coerced confession claims accrued at the time of each of their interrogations, which occurred in the late 1980s, and Illinois' two-year statute of limitations has long since expired.

Third, the Court notes that the *Wallace* court rejected the notion that "there is a free-standing due process claim whenever unfair interrogation tactics (short of those that may shock the conscience and thereby implicate the Supreme Court's substantive due process rulings) are used to obtain a confession." *Id.* at 429. The court stated that cases, such as *Newsome v. McCabe*, 256 F.3d 747, 752 (7th Cir. 2001), that have recognized procedural due process claims based on such tactics "are grounded in traditional notions of what is required for a fair trial, including the *Brady* right to be given exculpatory material." *Wallace*, 440 F.3d at 429; *see Brady v. Md.*, 373 U.S. 83, 87 (1963).

6

Ollins and Saunders' Second Amended Complaint and Bradford's Amended Complaint sufficiently put defendants on notice of substantive due process claims as well as *Brady* claims based on defendants' withholding of exculpatory information as to whether witnesses had been coerced into implicating any of the instant plaintiffs in the underlying crime.[2] *Wallace*, however, requires that plaintiffs' separately pleaded *Newsome* claims based on unfair interrogation tactics substantively merge with their *Brady* claims based on the Fourteenth Amendment's guarantee of a fair trial.

## CONCLUSION

For the foregoing reasons, the Court denies Ollins and Saunders' motion for leave to file a Third Amended Complaint [doc. no. 172-1] and Bradford's motion for leave to file a Second Amended Complaint [doc. no. 85-1]. Plaintiffs' claims based solely on the Fifth Amendment's due process clause are stricken. Plaintiffs' excessive force, "attempted" coerced confession and coerced confession claims, as well as any conspiracy allegations based thereon, are dismissed as time-barred. Plaintiffs' separately pleaded *Newsome* claims merge with their *Brady* claims. The Court strikes all punitive damage requests against the City or Cook County from Ollins and Saunders' Second Amended Complaint and Bradford's Amended Complaint.

**SO ORDERED**    ENTERED: 5/26/06

_____
**HON. RONALD A. GUZMAN**
**United States Judge**

---

[2]However, as stated in an earlier opinion in this case, a section 1983 plaintiff cannot base his *Brady* claim on a defendant's failure to disclose plaintiff's own false confession. *See Ollins*, 2005 WL 730987, at *18; *see also Wallace*, 440 F.3d at 429-30; *Gauger*, 349 F.3d at 360, *overruled on other grounds by Wallace*, 440 F.3d at 427.

7